IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | |
| STANFORD PLAVIN, M.D., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW The Automobile Insurance Company of Hartford,

Connecticut and, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §

2201, hereby files this Complaint for Declaratory Judgment, respectfully showing

to the Court as follows:

## Parties, Jurisdiction, and Venue

1.

Plaintiff The Automobile Insurance Company of Hartford, Connecticut

("Travelers") is a corporation organized and existing under the laws of the State

of Connecticut, maintaining its principal office and principal place of business in

Hartford, Connecticut.  It is a citizen of Connecticut.

2.

Defendant Stanford Plavin, M.D. is a Georgia resident who may be served at 438 Tara Trail NW, Atlanta, Georgia 30327-4926.  Dr. Plavin is a citizen of Georgia and is subject to the jurisdiction and venue of this Court.

3.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that Travelers and defendant are citizens of different states and (b) the value of the matter in controversy, exclusive of interest and costs, exceeds the requisite jurisdictional amount.

4.

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a) because this action is brought in the judicial district in which defendant resides.

**The Travelers Policies**

5.

Travelers issued the following Personal Liability Umbrella of Security Policies to Dr. Plavin as the named insured (collectively, the "Travelers Policies"):

Policy No. 932758614 311 7 – for five successive annual periods from

March 15, 2009 to cancellation effective September 27, 2013; and

Policy No. 934275069 311 7 – for four successive annual periods from

September 27, 2015 to September 27, 2019.

6.

True and correct copies of the Travelers Policies issued to Dr. Plavin are

attached hereto as Exhibit A (2009-2010 Policy), Exhibit B (2010-2011 Policy),

Exhibit C (2011-2012 Policy),  Exhibit D (2012-2013 Policy), Exhibit E (2013-2014

Policy), Exhibit F (2015-2016 Policy), Exhibit G (2016-2017 Policy), Exhibit H

(2017-2018 Policy), and Exhibit I (2018-2019 Policy).

7.

The Travelers Policies provide personal liability umbrella insurance

pursuant to Form Plus P1 (03-99) ("the Umbrella Form").

8.

The Insuring Agreement of the Umbrella Form provides as follows:

**INSURING AGREEMENT**

In return for payment of premiums when due, and
subject to the terms of this policy, we will pay damages
for which an "insured" becomes legally liable due
to "bodily injury", "property damage", or "personal
injury" caused by an "occurrence". This coverage applies
only to damages in excess of the "retained limit".

9.

The Umbrella Form also includes the following definitions:

**DEFINITIONS**

…

**3.**      **"Bodily injury"** means bodily harm, sickness or disease. It includes required care, loss of services, death and mental anguish that results.

**4.**      **"Business"** includes trade, profession or occupation.

…

**9.**      **"Occurrence"** means:

    **a.**      An accident, including continuous or repeated exposure to substantially the same general harmful conditions, that results in "bodily injury" or "property damage" during the policy period.

    **b.**      An offense, including a series of related offenses, committed during the policy period, that results in "personal injury".

…

**10.**      **"Personal Injury"** means injury caused by any of the following offenses committed during the policy period:

    **a.**      False arrest, detention or imprisonment, or malicious prosecution;

- 4 -

**b.**    Libel, slander or defamation of character; or

**c.**    Invasion of privacy, wrongful eviction or wrongful entry.

…

**13.**   **"Property damage"** means physical injury to, destruction of, or loss of use of, tangible property.

10.

The Umbrella Form also includes the following exclusions:

**EXCLUSIONS**

This insurance does not apply to:

1.    To "bodily injury" or "property damage" arising out of an act which is expected or intended by an "insured" to cause "bodily injury" or "property damage".  …

2.    To "bodily injury, "property damage", or "personal injury" arising out of "business" pursuits or "business" property of any "insured".  …

4.    To "bodily injury, "property damage", or "personal injury" arising out of an "insureds" act, error or omission as a member of a corporation's board of directors or as an officer of a corporation.  …

…

20.   To "personal injury" due to:

- 5 -

  a. Violation of a penal statute or ordinance by or with knowledge of an "insured"; ….

***

11.

The Umbrella Form sets forth certain conditions precedent to coverage, which include the insured's duties after a loss.  The Umbrella Form provides, in material part, as follows:

**CONDITIONS**

**...**

2. **Duties After Loss**.  In case of an "occurrence" which may involve this policy, an "insured" seeking coverage must perform the following duties that apply. You must help us by seeing that these are performed:

  a. Give written notice to us or our agent as soon as is practical, which sets forth:

    1) The identity of the policy and "insured";

    2) Reasonably available information on the time, place and circumstances of the "occurrence"; and

    3) Names and addresses of any claimants and witnesses.

  b. Promptly forward to us every notice, demand, summons or other process relating to the "occurrence".

…

**d.**   The "insured" will not, except at the "insured's" own cost, voluntarily make payment, assume obligation or incur expense.

\*\*\*

### The False Claims Act Investigation and Dr. Plavin's Request for Coverage

12.

On July 18, 2018, Dr. Plavin contacted Travelers to report a claim and request coverage under the Travelers Policies.  Travelers conducted an investigation of the claim and learned that Dr. Plavin had been the subject of a False Claims Investigation conducted by the United States Government.  Dr. Plavin provided Travelers with a copy of a Civil Investigative Demand issued to him by the United States Attorney's Office for the Northern District of Georgia, dated August 14, 2015, pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3733, to determine whether there is or has been a violation of 31 U.S.C. § 3729, *et seq.* (the "False Claims Act Investigation").

13.

The False Claims Act Investigation concerns whether Dr. Plavin and Ambulatory Anesthesia of Atlanta, PC and/or Ambulatory Anesthesia of

Atlanta, LLC submitted or caused to be submitted false claims for

reimbursement under the Medicare and/or Medicaid programs by entering into

arrangements with Ambulatory Surgery Centers that violated the Anti-Kickback

Statute, 42 U.S.C. § 1320a-7b(b)(2)B.   According to information provided to

Travelers, Dr. Plavin was a partner in Ambulatory Anesthesia of Atlanta, PC

and/or Ambulatory Anesthesia of Atlanta, LLC.

14.

Travelers is not aware of any actual litigation against Dr. Plavin, nor has

Dr. Plavin reported such litigation or requested that Travelers provide a defense

to him under the Travelers Policies.

15.

Dr. Plavin has asserted that the Government's claims are covered under

the Travelers Policies and has requested that Travelers reimburse him for

attorney's fees incurred in responding to the False Claims Act Investigation.

Although it is unclear exactly what Dr. Plavin is requesting, he has also

suggested in correspondence that he may request indemnity from Travelers for a

settlement that he is in the process of negotiating with the Government,

purportedly in excess of $1,000,000.

16.

Although the United States Attorney's Office for the Northern District of Georgia issued the Civil Investigative Demand to Dr. Plavin in August, 2015, Dr. Plavin did not report this matter to Travelers until July, 2018.   Based on other communications from Dr. Plavin, it appears that Dr. Plavin may have received a notice, demand, summons or other process related to the Government's claims as early as 2012.

17.

Travelers first received notice of the False Claims Act Investigation and Dr. Plavin's request for coverage under the Travelers Policies on July 18, 2018, when Dr. Plavin first contacted Travelers to report a claim and request coverage.

18.

Travelers conducted a coverage investigation based on the limited information provided by Dr. Plavin and concluded that the claim that he had reported was not covered under the Travelers Policies.

19.

By letter dated August 17, 2018, Travelers advised Dr. Plavin that the Travelers Policies did not provide coverage to him for the claim that he had reported.

20.

Dr. Plavin disagreed with Travelers' coverage determination and requested that Travelers reconsider its coverage position.

21.

Because Dr. Plavin has continued to demand coverage under the Travelers Policies, there is an actual case or controversy concerning Travelers' coverage obligations, if any, under the Travelers Policies in connection with the False Claims Act Investigation reported by Dr. Plavin.  Thus, it is necessary and appropriate at this time for the Court to determine and declare the respective rights, obligations and liabilities, if any, which exist among the parties to this lawsuit under the Travelers Policies.

## **Declaratory Judgment**

22.

The allegations contained in paragraphs 1 through 21 above, are re-alleged and incorporated by reference as if fully set forth herein.

23.

Based on the information available, Travelers contends that the Travelers Policies do not provide coverage to Dr. Plavin for any claims that have been asserted against him in connection with the False Claims Act Investigation.

24.

For coverage to apply, the insured must become legally liable due to "bodily injury," "property damage," or "personal injury" caused by an "occurrence," as those terms are defined by the Travelers Policies.

25.

There is no allegation that Dr. Plavin is legally liable due to "bodily injury," "property damage," or "personal injury" caused by an "occurrence," as those terms are defined by the Travelers Policies.

26.

In addition, certain exclusions in the Travelers Policies apply, including Exclusions 1, 2, 4, and/or 20.

27.

Dr. Plavin has also violated certain conditions precedent to coverage, including his duty to provide written notice "as soon as is practical" of an "occurrence."  In addition, Dr. Plavin has failed to promptly forward every notice, demand, summons or other process relating to the "occurrence."

28.

Finally, Travelers has no obligation to provide indemnity for any settlement that Dr. Plavin negotiated with the Government without Travelers' knowledge or consent.

29.

An actual controversy has arisen and now exists between Travelers and Dr. Plavin concerning whether the Travelers Policies provide coverage to Dr. Plavin for the claims that he has reported in connection with the False Claims Act Investigation.

30.

Travelers seeks a declaration from this Court with respect to its duties and obligations under the Travelers Policies in connection with the claims reported by Dr. Plavin. Specifically, Travelers seeks a declaration from this Court that it has no obligation to provide a defense to Dr. Plavin in connection with any claims asserted in the False Claims Act Investigation (including any request by Dr. Plavin that Travelers reimburse his attorey's fees), nor does it have an obligation to provide indemnity for any settlement or judgment.

WHEREFORE, plaintiff The Automobile Insurance Company of Hartford, Connecticut prays as follows:

a.     That process and summons issue against defendant Stanford Plavin,

       M.D. and that defendant be served as required by law;

b.     That the Court declare that plaintiff has no obligation to provide

       insurance coverage to defendant under the Travelers Policies for any

       claims asserted against him in connection with the False Claims Act

       Investigation, including, but not limited to, the claims reported by

       Dr. Plavin on July 18, 2018, and for which defendant is requesting

       coverage under the Travelers Policies;

c.     That plaintiff recover its costs in filing this action; and

d.     That plaintiff be awarded all other relief to which it is entitled

This 16th day of November, 2018.

                                    SWIFT CURRIE McGHEE & HIERS, LLP

                                    */s/David M. Atkinson*
                                    David M. Atkinson
                                    Georgia Bar No. 026460
                                    david.atkinson@swiftcurrie.com
                                    Jonathan J. Kandel
                                    Georgia Bar No. 940584
                                    jonathan.kandel@swiftcurrie.com
                                    *Attorneys for Plaintiff*

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA  30309
(404) 874-8800

3844521v.1